UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

RONALD LEE MOSS,

       Plaintiff,                                        06cv01498

   v.

JOHN E. POTTER,
POSTMASTER GENERAL,
U.S. POSTAL SERVICE,

       Defendants.

**MEMORANDUM OPINION**

**I. Background**

      Before the Court is Defendant's Motion to Dismiss or in the Alternative for Summary Judgment (doc no. 7). Defendant, John E. Potter, Postmaster General, seeks to dismiss Ronald Lee Moss' *pro se* claim that defendant violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-5 *et seq.* ("Title VII") by engaging in alleged actions that led to the Department of Labor terminating his worker's compensation benefits in retaliation for his previous Title VII complaints. Defendant asserts that plaintiff's claim should be dismissed, pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction under the Federal Employees Compensation Act, 5 U.S.C. § 8101-8193 ("FECA") as the Court is without jurisdiction to hear a claim by a federal employee challenging a benefits determination under FECA. Defendant also argues that plaintiff has failed to pursue and exhaust all of the available administrative remedies through the Equal Employment Opportunity Commission ("EEOC"), and further contends that even if plaintiff did exhaust all of his administrative remedies, he has failed to state a claim for retaliation under Title VII, pursuant to Fed. R. Civ. P.

12(b)(6) or, alternatively, that he is entitled to summary judgment, pursuant to Fed. R. Civ. P. 56(c), for the same reasons.   After careful consideration of the motion to dismiss or for summary judgment, plaintiff's response, and the memoranda of law in support and in opposition, the Court will grant summary judgment in favor of defendant.

**II. Standards of Review**

Federal procedural guidelines dictate that this Court may consider jurisdiction at any time.  Fed.R.Civ.P. 12(b)(1), 12(h)(3); *In Re: Orthopedic, Bone Screw*, *Products Liability Litigation* 132 F.3d 152, 155 (3d Cir. 1997) (*citing Underwood v. Maloney,* 256 F.2d 334 (3d Cir.), *cert. denied,* 358 U.S. 864 (1958)).  A Rule 12(b)(1) motion allots for two methods of attack, namely a facial or factual attack.

If defendants have attacked the complaint on its face, then they are arguing that "considering the allegations of the complaint as true, and drawing all reasonable inferences in favor of plaintiffs, the allegations of the complaint are insufficient to establish a federal cause of action."  *Mullen v. Thompson*, 155 F. Supp. 2d 448, 451 (W.D. Pa. 2001).  See also *Mortenson v. First Federal Savings and Loan Association*, 549 F.2d 884, 891 (3d Cir. 1977).

Alternatively, if defendants engage in a factual attack on subject matter jurisdiction, then it is the case that "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."  *Mortenson*, 594 F.2d at 891.  See also *Gould Electronics Inc. v. U.S.*, 220 F.3d 169, 176 (3d Cir. 2000) and *Turicentro, S. A. v. American Airlines, Inc.*, 303 F.3d 293 (3d Cir. 2002).

If this Court determines that a case before it lacks subject matter jurisdiction, it has no

authority under the United States Constitution to decide the case on its merits. *In Re: Orthopedic, Bone Screw,* 132 F.3d at 155.  Plaintiff bears the ultimate burden of persuading the Court that it has subject matter jurisdiction over his case. *Kehr Packages, Inc. v. Fidelcor, Inc.,* 926 F.2d 1406, 1409 (3d Cir.), *cert. denied*, 501 U.S. 1222 (1991).  See also *Coles v. City of Philadelphia*, 145 F. Supp. 2d 646, 649 (E.D. Pa. 2001), citing *Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 666 (1974).

In deciding a motion to dismiss pursuant to Fed.R.Civ.P. Rule 12(b)(6), the Court accepts the well-pleaded factual allegations of the complaint as true, and draws all reasonable inferences therefrom in favor of the plaintiff.  *Armstrong Surgical Center, Inc. v. Armstrong County Memorial Hospital*, 185 F.3d 154, 155 (3d Cir. 1999).  An issue should not be dismissed for failure to state a claim unless it appears beyond a doubt that the non-moving party can prove no set of facts in support of its allegations which would entitle it to relief.  *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Marshall-Silver Construction Co. v. Mendel*, 894 F.2d 593, 595 (3d Cir. 1990).  In making this determination, the court must construe the pleading in the light most favorable to the non-moving party.  *Budinsky v. Pennsylvania Dept. of Env. Res.*, 819 F.2d 418, 421 (3d Cir. 1987).  However, the Court is "not required to accept legal conclusions either alleged or inferred from the pleaded facts."  *Kost v. Kozakiewski*, 1 F.3d 176, 183 (3d Cir. 1993).

Summary judgment, under Fed. R. Civ. P. 56(c) is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  *Woodside v. School Dist. Of Philadelphia Bd. Of Educ.*, 248 F.3d 129, 130 (3d Cir. 2001), *quoting Foehl v. United States*, 238 F.3d 474, 477 (3d Cir. 2001) (citations omitted).  Deciding on a summary judgment motion requires that the court

"view the evidence...through the prism of the substantive evidentiary burden" in order to ascertain "whether a jury could reasonably find either that the plaintiff proved his case by the quality and quantity of the evidence required by the governing law or that he did not." *Anderson v. Consolidated Rail Corp.*, 297 F.3d 242, 247 (3d Cir. 2002), *quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986).

**III. Discussion**

Defendant's 12(b)(1) Motion to Dismiss

Defendant argues that this Court lacks subject matter jurisdiction over plaintiff's retaliation claim because, "[j]udicial review of administrative decisions denying claims for work-related compensation is expressly precluded under the Federal Employees Compensation Act ("FECA")." *Nicastro v. Runyan*, 60 F. Supp. 2d 181, 186 (S.D.N.Y. 1999). This Court does not disagree with Defendant on the point that judicial review of claims concerning worker's compensation benefits is barred. Nonetheless, care must be taken in ascribing elements of subject-matter jurisdiction to claim-processing provisions. See generally *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998) (which serves to delineate and clarify the often disorienting distinction between provisions that actually confer subject-matter jurisdiction, as opposed to those that provide procedural prescriptions).

The Court will scrutinize the breadth of *pro se* plaintiff's claim and that will help to further elucidate the jurisdictional issue.[1] Plaintiff has stated that his claim is "not for (OWCP)

---

[1] The characterization of *pro se* plaintiff's claim as one for retaliation under Title VII is a fair one, but it was no straightforward task as it string-mentions portions of statutes and juxtaposes the same claims he had asserted in previous proceedings (and had been litigated) with his new claim of retaliation based on termination of his worker's compensation benefits. See *Moss v. Henderson*, Civil Action No. 00-1499 (W.D. Pa.) (Cindrich, J. and Sensenich, M.J.) and

[Office of Worker's Compensation Programs] benefits." (Complaint ¶ 27).  He is not challenging the determination of his worker's compensation benefits or aspects of the process involved in granting the benefits; rather, he is challenging and seeking relief for, what he alleges to be defendant's retaliatory actions (against his filing of previous EEOC complaints) under Title VII.  Indeed, it is the Title VII jurisdictional provision that empowers federal courts to adjudicate civil actions brought under said Act.  42 U.S.C. §2000e–5(f)(3).  The retaliatory actions that Plaintiff identifies are Defendant withholding medical documentation from the Department of Labor.  (Complaint, ¶¶ 23, 24, and 36).  In other words, although Plaintiff concludes that the retaliatory actions allegedly led to the termination of his worker's compensation benefits, he is not asking for judicial review of the Department of Labor decision, but for damages caused by those alleged retaliatory actions.

Accordingly, this Court does possess the requisite subject-matter jurisdiction to adjudicate plaintiff's claim.

Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) or, Alternatively, Pursuant to Rule 56

Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) contends that Plaintiff's Complaint should be dismissed because he failed to state a claim for retaliation. However, because the parties have submitted documents and materials in support of and in opposition to defendant's motion to dismiss or in the alternative for summary judgment, we move beyond the

---

*Moss v. Potter,* Civil Action No. 04-1566 (W.D. Pa.)  (Schwab, J.) where *inter alia*, he asserted that the parties' 1999 settlement agreement was negotiated in bad faith, that defendant had engaged in discovery violations and was retaliating against plaintiff for filing a class action suit and not withdrawing the suit.  In this current matter, plaintiff reiterates some of the very same charges in the Complaint and seeks relief in the form of "attorney fees, jury trial, class certification, mental anguish damages, $100 million, punitive damages, hedonic damages, compensatory damages, back pay and benefits, $25 billion for the class, punitive damages, and medical damages among others." Complaint at 4.

pleadings and so must move beyond the confines of Rule 12(b)(6), into the Rule 56 summary judgment arena.[2]

Defendant requests that the Court consider its Motion to Dismiss and in the Alternative, for Summary Judgment, pursuant to Rule 56, because it has presented matters outside the pleadings, namely the exhibits attached as supporting documentation that plaintiff did not exhaust all of his administrative remedies.  The exhibits include the complaint in one of Plaintiff's EEOC proceedings, Case No. 1C-151-00064-00 ("original administrative EEOC charge") which was originally filed on July 5, 2000, and the corresponding final agency notice and documentation relating to the 2000 court proceedings for *Moss v. Henderson*, Civil Action No. 00-1499 (W.D. Pa.) (Cindrich, J. and Sensenich, M.J.).  (Defendant's Brief in Support of Motion to Dismiss or in the Alternative Grant Summary Judgment (doc. no. 8, exhibits A, B, C, and D)).  Indeed, as Defendant's motion was submitted in the alternative as one for summary judgment, it is clear that Plaintiff has received notice in that regard and will not be prejudiced by conversion of Rule 12(b)(6) to Rule 56 and in fact, plaintiff has attached exhibits to his response to defendant's motion to dismiss or in the alternative grant summary judgment (Plaintiff's Response Brief (doc. no. 10, exhibits A, B, C, D, and E)).

Defendant argues that plaintiff's retaliation claim should be dismissed because he failed to exhaust the administrative remedies available to him.  Plaintiff relies on *Waiters v. Parsons*, 729 F.2d 233 (3d Cir. 1984) (a discrimination claim not included in the original EEOC charge must be "fairly within the scope" of the original charge before being considered) and argues that

---

[2]Under Rule 12(b)(6), a motion to dismiss can be treated and disposed of as one for summary judgment under Rule 56 where  "matters outside the pleading are presented to and not excluded by the court . . . [and] all parties [are] given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

his claim in this matter falls within the scope of his EEOC Complaint in the aforementioned Case No. 1C-151-0064-00, and so he is not required to exhaust all administrative remedies.

The importance of the exhaustion requirement cannot be overstated. "The doctrine of exhaustion of administrative remedies is well established in the jurisprudence of administrative law." *Woodward v. Ngo*, ---U.S. --- 126 S. Ct. 2378, 2385 (2006), (quoting *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50-51 (1938)). The doctrine provides that "no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Woodward*, 126 S. Ct., at 2392.

This requirement also applies to federal employees who must seek relief first, within the agency where the discrimination occurred by meeting informally with an EEOC Counselor within forty-five days of the alleged discriminatory activity. 29 C.F.R. § 1614.105(a). If the counseling is unsuccessful in resolving the matter, then the federal employee must file a formal discrimination complaint with the EEOC within fifteen days after receipt of notice that the informal session proved fruitless. 29 C.F.R. § 1614.106(b). The aggrieved employee must wait for the passage of 180 days so as to allow the EEOC to resolve the matter without resorting to litigation. *Waiters*, 729 F.2d at 237. Once the 180 days is completed, then the employee is allowed to file suit. The Title VII claim that the employee brings before the court must have been included in the original administrative EEOC charge. If that is not the case, then the claim must be *"fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom."* *Id.* (Emphasis added).

This is the defining test that determines whether an employee is required to exhaust all administrative remedies before filing suit. If the claim is not closely related to the original administrative charge (as it is the case herein), then the employee cannot bring a discrimination

claim in federal court.

In examining the relationship between plaintiff's current retaliation claim and his original administrative EEOC charge, his current claim does not "fairly fall within the scope" of the original administrative EEOC charge.  The final notice for this July 2000 charge was issued by the EEOC on August 14, 2006 the discussion therein did not allude to or mention plaintiff's current retaliation claim, this original charge does refer to retaliation claims, but there is no mention of the particular  retaliatory actions that Plaintiff claims led to the termination of his benefits, namely the withholding of medical documentation.  Plaintiff was only notified of the termination of his worker's compensation benefits on July 20, 2006 (which were to take effect on August 6, 2006).  The EEOC simply could not have investigated this particular claim as part of its investigation of the July 2000 charge.

**IV. Conclusion**

Accordingly, as plaintiff's retaliation claim against does not fairly fall within the scope of the original EEOC charge, he has failed to exhaust his administrative remedies.  For the foregoing reasons, defendant's motion to dismiss (doc. no. 7) will be granted by separate Order of Court.

                SO ORDERED this 24$_{th}$ day of May, 2007.

                s/Arthur J. Schwab
                Arthur J. Schwab
                United States District Judge

cc:     Plaintiff and counsel of record as listed below:

RONALD LEE MOSS
3 Allegheny Center
Apartment 315
Pittsburgh, PA 15212
(412) 322-1029
PRO SE

Megan E. Farrell
United States Attorney's Office
700 Grant Street
Suite 4000
Pittsburgh, PA 15219
(412) 894-7429