UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

RONALD LEE MOSS,

      Plaintiff,                                                 06cv01498

   v.

JOHN E. POTTER,
POSTMASTER GENERAL,
U.S. POSTAL SERVICE,

      Defendants.

## MEMORANDUM ORDER

**I.**     **Introduction**

Before the Court is plaintiff's *pro se* Motion for Reconsideration and Motion to Amend Complaint (doc. no. 13) seeking reconsideration of this Court's order entered on May 24, 2007, which granted summary judgment for defendants. Plaintiff has filed said motion pursuant to Fed. R. Civ. P. 52(b) and Rule 60(b). After careful consideration, and for the reasons that follow, this Court will deny plaintiff's motion for reconsideration and motion to amend the complaint.

**II.**     **Discussion**

    a.     <u>Rule 52(b)</u>

Plaintiff seeks a modification of the Court's findings of facts and conclusion pursuant to Rule 52(b) of the Federal Rules of Civil Procedure. Rule 52(b) provides that "on a party's motion filed no later than [ten] 10 days after entry of judgment, the court may amend its findings--or make additional findings--and may amend the judgment accordingly." *Edwards v. Wyatt,* 2007 WL 136687, at * 1 (E.D.Pa. 2007). The purpose of Rule 52(b) is to allow a court to correct manifest errors of law or fact, or in limited circumstances, to consider newly discovered

evidence, but not to "relitigate old issues, to advance new theories, or to secure a rehearing on the merits."  *Gonzalez v. U.S.,* 2005 WL 3588478, at *2 (D.N.J. 2005).  See also *Blackiston v. Johnson,* 1995 WL 563834, at *2 (E.D.Pa. 1995), aff'd mem., 91 F.3d 122 (3d Cir. 1996), cert. denied, 519 U.S. 953 (1996).

      b.    <u>Rule 60(b)</u>

Rule 60(b) allows a party to seek relief from a judgment, order, or proceeding for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.  Fed. R. Civ. P. 60(b).  Relief from Judgment or Order. Mistakes, Inadvertence, Excusable Neglect, Newly Discovered Evidence, Fraud, Etc.    The general purpose of Rule 60(b) is "to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done."  *Boughner v. Secretary of Health, Education, and Welfare,* 572 F.2d 976, 977 (3d Cir. 1978).  "The decision to grant or deny relief pursuant to Rule 60(b) lies in the 'sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances.' "  *Ross v. Meagan*, 638 F.2d 646, 648 (3d Cir. 1981).  However, a "Rule 60(b) motion may not be used as a substitute for appeal, and that legal error, without more, cannot justify granting a Rule 60(b) motion."  *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988).  Plaintiff argues for

reconsideration on the grounds of mistake, newly discovered evidence, and fraud and misrepresentation.  Fed. R. Civ. P. 60(b)(1), (2), and (3) respectively.

    (I).    <u>Mistake</u>

Plaintiff states that the Court made a mistake in reviewing Plaintiff's Brief in Response to Motion to Dismiss or in the Alternative, Motion for Summary Judgment (Response Brief) (doc. no. 10) and attached exhibits.  Plaintiff argues that the Court overlooked Exhibit F of the Response Brief which he alleges to be a copy of a certified mail letter sent to him by the United States Postal Service (USPS).  Response Brief, 2.  He states that the letter included a paycheck that was fraudulently delivered to him.  He characterizes the fraudulent delivery as constituting Mail Fraud, pursuant to 18 U.S.C. 1341, and Bank Fraud but does not give any details as to the contents of the letter, the reason USPS sent him the check or the purpose of the check.  Plaintiff merely makes a conclusory statement that the check was sent to him to intimidate and prevent him from applying for disability retirement.  Motion for Reconsideration, 4.

Although plaintiff did include Exhibit F as part of his Response Brief, his description of Exhibit F is wrong.  Plaintiff's Exhibit F is not a letter from USPS.  Exhibit F is merely an envelope with information identifying plaintiff as the addressee.  Yes, the envelope does bear the certified mail stamp but there is no indication that the envelope is in some way related to the alleged letter plaintiff describes and plaintiff has offered nothing in that regard.  Moreover, plaintiff has not attached said letter or a copy of the check that is the purported to be the primary reason for the letter.[1]  Plaintiff's assertion of mistake in the consideration of Exhibit F is unsubstantiated.

---

[1] Plaintiff re-attached Exhibit F as an attachment to his motion for reconsideration and this particular Exhibit F is also the same nondescript envelope with no reference to the letter received from USPS or to the check.  See Plaintiff's Motion for Reconsideration, Exhibit F.

(ii).     Newly Discovered Evidence

Plaintiff also claims to have obtained newly discovered evidence with which he would like to amend his complaint.  The standard for newly discovered evidence dictates that the new evidence be "(1) material and not merely cumulative, (2) of the type that could not have been discovered before trial through the exercise of reasonable diligence and (3) of the type that would have changed the final judgment."  *Doman v. City of Philadelphia*, 2000 WL 1428675, at *1 (E.D.Pa. 2000), quoting *Compass Tech., Inc. v. Tseng Lab., Inc.*, 71 F.3d 1125, 1130 (3d Cir. 1995).  "Newly discovered evidence [is] evidence of facts in existence at the time of trial of which the aggrieved party was excusably ignorant."  *Bohus v. Beloff*, 950 F.2d 919, 920 (3d Cir. 1991).

The newly discovered evidence here, according to plaintiff, is another letter received from USPS on May 25, 2007 (the day after judgment was entered in favor of defendant), this time a notice for him to return to duty.  Motion for Reconsideration, Exhibit E.   The letter does not constitute newly discovered evidence and plaintiff's meandering reasoning for why it should be fails.

The letter discusses plaintiff's irregular work attendance, his failure to obtain permission for his absence from work and provide documentation supporting his absence, the possible characterization of his absence as "Absence Without Official Leave" (AWOL) and termination of employment, and directs him to produce the requisite documentation.  Plaintiff does not explain the significance of the letter or how it would be material to his claims.

Plaintiff was aware that his attendance was not regular and that he would be required to provide reasons why that is the case.  The letter merely serves a status update of a situation of which plaintiff already had knowledge of.  Once again, plaintiff makes unsupported conclusory

statements.  He argues that the letter serves as proof that he has not been a USPS employee since the last time he failed to report to duty, March 13, 2004, and as a result, his claim is no longer one of employment discrimination or retaliation.   Motion for Reconsideration, 5.  Plaintiff then surmises that the Equal Employment Opportunity Commission (EEOC) rules previously applied in his Response Brief no longer apply and the body of law that should control the case is 18 U.S.C. §§1501-1520.  He states, "[t]he general nature of this case is Civil Rights Violation, Obstruction of Justice - General Obstruction Provision, Witness Tampering and Retaliation, Obstruction of Agency Proceedings . . . The Administrative remedies for (Retaliation) are under U.S. Code Title 18 rules and regulations.  Not EEOC rules!"  Motion for Reconsideration, 5. Although this letter is certainly "new" in that it was received after judgment had been rendered on defendant's summary judgment motion, it does not qualify as "newly discovered evidence" under Rule 60(b) as plaintiff has failed to show that it would have changed the final judgment.

    (iii).   <u>Fraud or Misrepresentation</u>

The fraud or misrepresentation that plaintiff advances is unclear.  "In order to sustain the burden of proving fraud and misrepresentation under Rule 60(b)(3), the evidence must be clear and convincing." *Brown v. Pennsylvania R.R. Co,.* 282 F.2d 522, 527 (3d Cir. 1960) (citations omitted).  See also 11 Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure Civil 2d § 2860 (1995).  He appears to be alleging that the misrepresentation stems from defendant's statement that some of plaintiff's claims in this particular case have been litigated.  As the Court intimated,

> The characterization of *pro se* plaintiff's claim as one for retaliation under Title VII is a fair one, but it was no straightforward task as it string-mentions portions of statutes and juxtaposes the same claims he had asserted in previous proceedings (and had been litigated) with his new claim of retaliation based on termination of his worker's compensation benefits. Memorandum Opinion, note 1 (doc. no. 11).

The record does not support, and plaintiff has not produced any clear and convincing evidence of fraud or misrepresentation by defendants.  Accordingly,

**AND NOW, this 14th day of June, 2007**, after due consideration of plaintiff's motion for reconsideration and motion to amend complaint and there being no grounds to reconsider the Court's ruling of May 24, 2007, **IT IS HEREBY ORDERED** that said Motion for Reconsideration and Motion to Amend Complaint (Document No. 13) **IS DENIED**.


    /s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:   All Registered ECF Counsel

RONALD LEE MOSS
3 Allegheny Center
Apartment 315
Pittsburgh, PA 15212